UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINITY MANAGEMENT SERVICES, <br> Plaintiff, <br> v. <br> BEKA KULOSHVILI, et al., <br> Defendants. | Case No. 17-cv-02863-MEJ <br><br> **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; ORDER FOR CLERK OF COURT TO REASSIGN CASE** <br><br> **REPORT & RECOMMENDATION** |

## INTRODUCTION

On May 18, 2017, Defendant Beka Kuloshvili removed this unlawful detainer action from San Francisco County Superior Court. Kuloshvili also filed an Application to Proceed In Forma Pauperis. Appl., Dkt. No. 3. A district court may authorize the start of a civil action in forma pauperis if the court is satisfied that the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Kuloshvili submitted the required documentation demonstrating she is unable to pay the costs of this action, and it is evident from the Application that her assets and income are insufficient to enable her to pay the fees. *See* Appl. Accordingly, the Court **GRANTS** Kuloshvili's Application to Proceed In Forma Pauperis.

However, as it appears that jurisdiction is lacking, this case should be remanded to state court. As Kuloshvili did not yet consent to magistrate judge jurisdiction, the Court **ORDERS** the Clerk of Court to reassign this case to a district judge with the recommendation that the case be remanded to San Francisco County Superior Court.

## LEGAL STANDARD

Subject matter jurisdiction is fundamental and cannot be waived. *Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the

1 Constitution and Congress authorize them to adjudicate, i.e., those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." However, the removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1118 n.2 (9th Cir. 2002).

Subject matter jurisdiction is determined from the face of the complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).

**DISCUSSION**

The face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal. "An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law." *Snavely v. Johnson*, 2015 WL 5242925, at *2 (N.D. Cal. Sept. 8, 2015) (citations omitted); *HSBC Bank USA N.A. v. Serrato*,

2013 WL 3337813, at *2 (N.D. Cal. July 1, 2013).

Kuloshvili asserts the Court has jurisdiction under 28 U.S.C. § 1441(a) and/or (b). Notice of Removal ¶ 5. But where diversity is cited as a basis for jurisdiction, "removal is not permitted if a defendant in the case is a citizen of the state in which the plaintiff originally brought the action, even if the opposing parties are diverse." *Snavely*, 2015 WL 5242925, at *2 (citing 28 U.S.C. § 1441(b); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (requiring complete diversity between all plaintiffs and all defendants). Moreover, district courts have original jurisdiction over diversity cases only where the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Pursuant to California Code of Civil Procedure section 86(a)(4), an unlawful detainer is a limited civil action where the "whole amount of damages claimed" must be "twenty-five thousand dollars ($25,000) or less." "[T]he amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." *Snavely*, 2015 WL 5242925, at *2. Thus, "even where an unlawful detainer action involves foreclosure on a mortgage that exceeds $75,000, the amount of the mortgage does not satisfy the amount in controversy requirement." *Id.* (citing *Deutsche Bank Nat'l Tr. v. Heredia*, 2012 WL 4747157, at *2 (N.D. Cal. Oct. 3, 2012) (holding that the amount in controversy requirement was not met even where the mortgage was valued at over $75,000)).

Kuloshvili also asserts federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because her answer relies on a federal statute. However, an anticipated federal defense or counterclaim is not sufficient to confer jurisdiction. *See Holmes Grp. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983). "A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of the State of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (quotation omitted); *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." (citation omitted)). Thus, any anticipated defense is not a valid ground for removal.

3

*See*, *e.g.*, *Nguyen v. Bui*, 2012 WL 762156, at *2 (N.D. Cal. Feb. 21, 2012) (holding that affirmative defenses based upon Federal Truth in Lending Act and Real Estate Settlement Procedures Act do not confer federal jurisdiction upon state unlawful detainer claim); *Aurora Loan Serv., LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D. Cal. Mar. 29, 2010) (answer asserting plaintiff violated the Protecting Tenants at Foreclosure Act does not confer federal jurisdiction over unlawful detainer claim).[1]

## CONCLUSION

As jurisdiction appears to be lacking, the undersigned hereby **RECOMMENDS** that this case be remanded to San Francisco County Superior Court. The Clerk of Court shall reassign this case to a district court judge.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: May 22, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] In addition, the Notice of Removal does not indicate that Defendants Giorgi Roinishvili and Goga Kemertelidze join in the removal. *See* Notice of Removal. "All defendants who have been properly served in the action must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (internal quotation marks and ellipses omitted). As Kuloshvili, Roinishvili, and Kemertelidze filed an answer (Notice of Removal at ECF pp.10-12), all three Defendants must consent to the removal. Allowing Kuloshvili an opportunity to cure this defect, *see Destfino*, 630 F.3d at 956, would be futile, as subject matter jurisdiction is lacking.